E-FILED
Wednesday, 12 May, 2010 04:26:15 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | | |
|---|---|---|
| COREY ENGLAND and MIDWEST GEMS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09-cv-4017 |
| KENNETH S. FELDMAN and FELDMAND LAW GROUP, | ) ) ) ) | |
| Defendants. | ) | |

## O P I N I O N and O R D E R

Before the Court is the Appeal from Magistrate's Order of April 16, 2010 filed by Defendants on April 30, 2010 (Doc. 42). The Motion is DENIED.

This Motion represents what is hopefully the last chapter regarding service of process in this case. As indicated in previous Orders, Plaintiffs failed to timely serve Defendants consistent with Federal Rule of Civil Procedure 4. Nonetheless, Plaintiffs were granted until March 26, 2010 to properly serve Defendants. On March 26, 2010, Plaintiffs filed a "Motion to Confirm Proofs of Service or Alternatively for Additional Time to Serve Defendants Pursuant to Rule 4(m)" (Doc. 32). In their Motion, Plaintiffs assert that service was made but, in anticipation that Defendants would again challenge service, believe that filing the Motion was necessary. Plaintiffs state that "Feldman fled after being confronted by the special process server . . . and the Law Group attorneys hid behind their receptionist." Specifically, Plaintiffs assert that a process server approached Kenneth Feldman

outside of his home in order to serve him on March 22, 2010, that Feldman refused to accept the papers, that the process server dropped the summons at his feet, and that Feldman "ran across the street." Plaintiffs also assert that a process server attempted to serve the law group at its office and was told by the receptionist, Natalie Neckels, that she would accept service of process. She nonetheless refused to sign the summons. Plaintiffs support these facts with the affidavits of the process servers.

Defendants offer an entirely different account of the facts supported by affidavits from Mr. Feldman and others (including Mr. Feldman's dentist). Mr. Feldman declares that a process server never approached him on March 22, 2010, that no one dropped papers in front of him, and that he never fled (Mr. Feldman states that he has been "diagnosed with Multiple Sclerosis and do[es] not easily run"). Instead, Mr. Feldman asserts that he contacted the process server, told him when he would be available for service of process, but that the process server never called back nor attempted service. Ms. Neckels (the receptionist) also provides a declaration in which she states that she accepted papers from a process server, but was not told that the papers were process. She further asserts that the process server did not ask to see anyone who was authorized to accept service of process on behalf of the law group. Defendants argue that formal service was not effected by the March 26, 2010 deadline.

In ruling on the Motion, Magistrate Judge Gorman noted the factual discrepancy and recognized that such factual contentions would normally require a

hearing.  In lieu of such a hearing, Judge Gorman granted Plaintiffs the alternative relief that they requested, an extension of time to serve Defendants and file the necessary proof of service.  Judge Gorman also cautioned Defendants to cooperate with service and stated that "[i]f there is any indication of lack of diligence or attempts to evade service of process, the Court will consider imposition of sanctions on the offending party or counsel" (Doc. 36).

Defendants filed the present "appeal" again calling into question the veracity of the affidavits submitted with Plaintiffs' Motion and taking umbrage with the statements made therein.  Defendants argue that Plaintiffs should not have been granted additional time to effect service.  Defendants nonetheless acknowledge that they were (finally) properly served on April 27, 2010 and that they do not contest service.

This Court finds no error in Judge Gorman's Order.  Indeed, this Court seconds Judge Gorman's sentiment that enough is enough.  Notwithstanding the supposed shenanigans of the parties or the people they employ, it is clear that Defendants are aware of this lawsuit, that they have now been properly served, and that they are in a position to defend this matter as provided by the Federal Rules.  Defendants have offered no explanation of how they are prejudiced by late service and this Court does not see any reason to unnecessarily prolong this litigation through a dismissal and refiling.  Such a procedure would be both a waste of resources for the parties and the Court.  The Court nonetheless expects Plaintiffs' counsel to comply with the deadlines imposed by the Federal Rules of Civil

3

Procedure (and by this Court) and to ensure that no further delays are occasioned by a failure to perform even its most basic directives.

Entered this <u>12th</u> day of May, 2010

                                                  s/ Joe B. McDade  
                                           JOE BILLY MCDADE  
                             Senior United States District Judge