UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| COREY ENGLAND and MIDWEST GEMS, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 09-cv-4017<br>)<br>) |
| KENNETH S. FELDMAN and FLEDMAN LAW GROUP, | )<br>)<br>) |
| Defendants. | ) |

## <u>O R D E R</u>

Before the Court is the Motion to Change Venue (Doc. 48) filed by Defendants. For the reasons set forth below, the Motion to Change Venue is GRANTED.

### BACKGROUND

The Complaint alleges that Defendants committed professional negligence, breach of contract, and breach of implied covenant of good faith and fair dealing in representing Plaintiffs in a lawsuit that was commenced in the United States District Court for the Southern District of New York on March 26, 2004 (hereinafter "2004 Lawsuit").

In May, 2003, Plaintiffs entered into a license agreement with MatBros, Inc., in which Plaintiffs granted MatBros a license to use the "Iceman" mark on watches. At the time, MatBros was represented by Defendant, Kenneth S. Feldman, who presumably had knowledge of the contents of the license agreement. Plaintiff

alleges that MatBros breached the licensing agreement by using the Iceman mark in conjunction with sales of jewelry other than watches and by using the mark in promotional material published through webpages.  Plaintiffs made Defendant Feldman aware of the breaches and terminated the license agreement on April 6, 2006.  Prior to termination of the agreement, Christopher Aire and Solid 21, Inc. (hereinafter "Aire") initiated the 2004 Lawsuit by suing Plaintiff and MatBros for, *inter alia,* trademark infringement and the dilution of the "Iceman" trademark. Defendant Feldman represented both Plaintiffs and MatBros in the 2004 Lawsuit until March, 2007.

Plaintiffs allege that Defendant Feldman's representation of them in the 2004 Lawsuit was woefully lacking.  First, Plaintiffs allege that Defendant Feldman was aware of an actual conflict of interest due to MatBros breach of the license agreement and failed to disclose these conflicts and advise Plaintiffs that they could pursue claims against MatBros.  Second, Plaintiffs allege that Defendant Feldman failed to advise them that they could pursue claims against Denis Stepansky, who, at MatBros direction, created websites using the Iceman mark.  Third, Plaintiffs assert that Defendant Feldman wrongly billed them and accepted payment for legal services rendered to MatBros knowing that Plaintiff was not obligated to pay such bills.  Fourth, Plaintiffs allege that Defendant Feldman failed to mount a defense, namely that Plaintiffs used the Iceman mark prior to Aire.  Fifth, Plaintiff alleges that Defendant Feldman attempted to settle Aire's claims against MatBros to their detriment.  Finally, by way of summary, Plaintiffs allege that Defendant Feldman

failed to provide competent representation to Plaintiffs and instead focused on representing MatBros.

Plaintiffs eventually hired their current counsel to represent them in the 2004 Lawsuit. Plaintiffs claim that but for Defendants' incompetence, they would have filed the necessary cross-claim against MatBros and third-party claim against Stepansky and they would have prevailed in (or at least settled prior to excessive expense) the 2004 Lawsuit and its claims against MatBros and Stepansky.

The Complaint states that Plaintiff England "resides" in Moline, Illinois and that Plaintiff Midwest Gems, Inc. has its principal place of business in Moline, Illinois. Defendant Feldman "resides" in New York and Defendant Feldman Law Group has offices in New York. Plaintiffs allege that Defendant "Feldman Law Group" is a successor in interest to the "Law Offices of Stephen E. Feldman, P.C." which was the name of the firm that represented Plaintiffs in the 2004 lawsuit. Plaintiffs further allege that Defendant Feldman is a partner and a managing attorney in the Feldman Law Group. Plaintiffs state that Defendants contacts with this District include making numerous phone calls, sending correspondence and mailing billing statements.

In its Motion to Transfer Venue, Defendant argue that venue is only proper in New York and that this matter should be transferred to the Southern District of New York.

**DISCUSSION**

Title 28 U.S.C. § 1391(a) provides that:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Complaint in this matter does not allege the citizenship of the parties for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court presumes, however, that Plaintiffs' recitation of the residence of each party, the lack of any federal question, and the assertion that jurisdiction is founded upon diversity of citizenship renders § 1391(a) applicable to the issue of venue. Because none of Defendants reside in this district and there is another district where they are subject to personal jurisdiction, venue lies in this district only if "a substantial part of the events or omissions giving rise to the claim occurred" in this district.

It is clear from the Complaint that the events giving rise to this lawsuit, namely Defendants' representation of Plaintiffs in the 2004 lawsuit, occurred in the Southern District of New York. That lawsuit was filed in New York. A reasonable inference from the Complaint is that the acts or omission giving rise to this claim all occurred in New York. In particular, Defendants' business is located in New York and they conducted discovery and engaged in conferences and hearings in New York. It was during this representation and these hearings/conferences that

Plaintiffs allege Defendants acted negligently and improperly.  While Plaintiff makes a number of assertions about how telephone calls and correspondence are the "events" that give rise to venue in this District, these arguments miss the mark. Notwithstanding the labeling of Plaintiffs' claims, the core of Plaintiffs' claim is an assertion of legal malpractice related to representation that occurred in New York and each of Plaintiffs' claims are related to the predicate 2004 lawsuit.  Therefore, venue lies in the district court for the Southern District of New York.  In light of this conclusion, it is unnecessary to consider change of venue pursuant to 28 U.S.C. § 1404.

## CONCLUSION

For the foregoing reasons, the Motion to Change Venue (Doc. 48) filed by Defendants is GRANTED.  Pursuant to 28 U.S.C. § 1406(a), this matter is TRANSFERRED to the District Court for the Southern District of New York.

Entered this 28th day of February, 2011

                                          s/ Joe B. McDade  
                                          JOE BILLY MCDADE  
                                  Senior United States District Judge